IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 19–cv–01054–KMT

CAROL BURNSIDE, and
STEPHEN BURNSIDE,

    Plaintiffs,

v.

ALLERGAN PLC,
ALLERGAN, INC. f/k/a INAMED CORPORATION and prior to that MCGHAN MEDICAL CORPORATION, and
ALLERGAN USA, INC.,

    Defendants.

## ORDER

    Before the court is "Plaintiffs' Unopposed Request to Reopen Voluntarily Dismissed Case and Transfer to MDL, *In re: Allergan Biocell Textured Breast Implant Product Liability Litigation*, No. 2:19-md-02921-BRM-JAD." (["Motion"], Doc. No. 22.) No response has been filed to the Motion.[1]

    Plaintiffs commenced this products liability action on April 10, 2019. (Doc. No. 1.) Before Defendants responded to the complaint, on July 1, 2019, Plaintiffs filed a "Notice of Voluntary Dismissal of Complaint without Prejudice." (Doc. No. 20.) The case was terminated that same day. (Doc. No. 21.)

---

[1] Plaintiffs advise that Defendants "join in the requested relief," and that the Motion "will be unopposed." (Mot. 1.)

Approximately nine months later, on March 23, 2020, Plaintiffs filed the present Motion, asking that this case be reopened, and then stayed, "pending transfer of the case by the Judicial Panel on Multidistrict Litigation ("JPML") to MDL 2921, *In re: Allergan Biocell Textured Breast Implant Product Liability Litigation*, currently pending in the U.S. District Court for the District of New Jersey." (Mot. 1.) Plaintiffs argue that they are entitled to the requested relief, because, on December 18, 2019, "the JPML centralized all actions involving common questions of fact arising out of Allergan's voluntary, worldwide recall of its BIOCELL textured breast implants and tissue expanders." (*Id.* at 2.)

However, given that this case has already been voluntarily dismissed without prejudice, it cannot now be reopened. *See Netwig v. Ga. Pac. Corp.*, 375 F.3d 1009, 1011 (10th Cir. 2004) ("[O]nce a Rule 41(a)(1) dismissal has been filed, 'the district court loses jurisdiction over the dismissed claims and may not address the merits of such claims or issue further orders pertaining to them.'") (citation omitted); *Barone v. United Airlines, Inc.*, 355 F. App'x 169, 179 n.6 (10th Cir. 2009) ("[V]oluntary dismissal without prejudice leaves the parties as though the action had never been brought[.]") (citation omitted).

Here, Plaintiffs made a deliberate choice to request dismissal of their complaint. Plaintiffs may not restore the case to the docket, simply by moving to reopen. Rather, Plaintiffs' must follow the procedural rules, and refile their complaint as a new case, if they so choose. *See Stine v. Wiley*, No. 06-cv-02105-WYD-KLM, 2010 WL 3516634, at *1 (D. Colo. Aug. 10, 2010) ("Plaintiff is under the misimpression that a dismissal without prejudice means that he can reopen the present case. Rather, dismissal without prejudice means that Plaintiff may, if appropriate, file a new case addressing the issues raised in his prior dismissed case."); *Green v.*

*Schroeder*, No. 05-CV-02634-ZLW, 2006 WL 1182474, at *2 (D. Colo. May 2, 2006) (recognizing that a dismissal without prejudice permits a party "to file a new case addressing the same claims").

Accordingly, it is

**ORDERED** that "Plaintiffs' Unopposed Request to Reopen Voluntarily Dismissed Case and Transfer to MDL, *In re: Allergan Biocell Textured Breast Implant Product Liability Litigation*, No. 2:19-md-02921-BRM-JAD" (Doc. No. 22) is **DENIED**. The case remains dismissed without prejudice, pursuant to the Notice of Voluntary Dismissal. (*See* Doc. Nos. 20-21.)

This 25th day of March, 2020.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge